UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID P. ALAN,

        Plaintiff,

v.

U.S. DEPT. OF JUSTICE, IRS, FBI, and
U.S. ATTY. GEN.,

        Defendants.

**DECISION AND ORDER**

22-CV-06504 EAW

---

## INTRODUCTION

On November 14, 2022, *pro se* plaintiff David P. Alan (hereinafter, "Plaintiff") filed a complaint asserting that agencies of the United States—specifically, the United States Department of Justice ("USDOJ"), the Internal Revenue Service ("IRS"), the Federal Bureau of Investigation ("FBI"), and the United States Attorney General ("U.S. Attorney General")—failed to investigate whistleblower complaints that he submitted to them. (Dkt. 1). On January 30, 2023, the Court issued an Order administratively terminating the action because Plaintiff failed to either pay the filing fee or submit an application to proceed *in forma pauperis*. (Dkt. 2). Thereafter, on February 8, 2023, Plaintiff filed a motion to proceed *in forma pauperis*. (Dkt. 4). Plaintiff filed a motion to compel discovery on September 25, 2023. (Dkt. 6).

Plaintiff has met the statutory requirements for *in forma pauperis* status, and therefore permission to proceed *in forma pauperis* is granted. The Court has reviewed

Plaintiff's claims as required by 28 U.S.C. § 1915(e)(2) and finds that they must be dismissed, with leave to replead.

## BACKGROUND

The following facts are taken from Plaintiff's complaint. (Dkt. 1). As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

Plaintiff contends that on several dates, including on October 3, 2021, April 26, 2022, July 8, 2022, and September 11, 2022, he filed complaints with the IRS, DOJ, FBI, and the U.S. Attorney General. (*Id*. at 5). In his complaints, Plaintiff alleged criminal activity, including interstate bank fraud, credit card fraud, embezzlement, theft, tax evasion, and conspiracy, committed by five individuals between January 2006, through December 14, 2012, for a total amount of $1,019,280. (*Id*.). Defendants failed to acknowledge or act on Plaintiff's complaints and, according to Plaintiff, under the Freedom of Information Act he is entitled to know what actions were taken by Defendants. (*Id*.).

Enclosed with Plaintiff's federal complaint is his whistleblower complaint. (*See id*. at 7-14).[1] In his whistleblower complaint, Plaintiff contends that he became aware that 11 entities located in Pennsylvania, Georgia, and Nevada "[perpetuated] an embezzlement and

---

[1] Pages 10 through 14 of the complaint are copies of a Form 3949-A, or an "Information Referral" form, which is used to "report suspected tax law violations by a person or business," which Plaintiff sent to the IRS. (Dkt. 1 at 10-14). These forms include sensitive information—including the date of birth and social security number—for one of the individuals identified by Plaintiff as committing the alleged embezzlement and tax fraud. (*Id*.). The Clerk of Court is hereby directed to file these pages as an attachment to Plaintiff's complaint and to restrict access to the attachment to court users and the parties in the CM/ECF system.

theft of goods scheme over several years." (*Id*. at 7). The alleged perpetrators of these fraudulent activities included a mechanic and manager of an auto sports company, as well as his associates and employees, who were involved in the theft of "custom autos and equipment" in December 2012. (*Id*. at 7-8). Plaintiff alleges that the property was stolen from a business in East McKeesport when the landlord of the premises changed the locks and prevented the owner of the property from entering. (*Id*. at 7). The stolen property was sold over the internet, and the perpetrators of the crime did not report their illegal profits, including $701,520, as income. (*Id*. at 7). Plaintiff also identifies a personal assistant and bookkeeper employed by an eye center, who in 2009 allegedly committed bank fraud when she signed 576 checks by forging a doctor's signature. (*Id*.). Plaintiff alleges that the personal assistant also committed credit card fraud and tax evasion by opening credit cards in the name of other entities and fraudulent businesses, which she used for her own benefit, and then failed to report the proceeds of these illicit activities, including $243,201, as income. (*Id*.).

Plaintiff contends the accused individuals "willfully defrauded the government by committing acts of theft, theft by deception, bank fraud, credit card fraud, embezzlement, and tax fraud and should be prosecuted to the full extent of the law." (*Id*. at 8). Plaintiff clarifies that at the time the crimes were committed his business was located in Pennsylvania, Greene and Fayette counties, and that he was "an untreated bipolar/schizophrenic with psychotic episodes not capable of making any decisions," but

that he was successfully treated in September 2018, at which time he became aware of the aforementioned conspiracy to "embezzle and rob [him]."[2] (*Id*.).

Plaintiff claims that he was injured by Defendants' failure to act on the alleged federal crimes by five individuals. (*Id*. at 4). He seeks $100,000 from the IRS based on his whistleblower claim for the individuals involved in the alleged tax evasion, and $25,000 in punitive damages from each of the four defendants. (*Id*.). Plaintiff also asks that the Court enjoin Defendants from committing "further acts of theft and deception." (*Id*.).

## DISCUSSION

### I.      **Plaintiff's Motion for *In Forma Pauperis* Status is Granted**

Plaintiff's affirmation of poverty (*see* Dkt. 4) has been reviewed in accordance with 28 U.S.C. § 1915(a)(1). Plaintiff has met the statutory requirements for *in forma pauperis* status, and permission to proceed *in forma pauperis* is granted. The Court now turns to its obligation to screen Plaintiff's complaint pursuant to 28 U.S.C. § 1915.

### II.     **Legal Standard**

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL 1489142

---

[2]     Plaintiff's complaint is at some points unclear as to how he gained knowledge of the criminal acts alleged. However, this allegation—that he eventually became aware of the conspiracy to rob him—suggests that he was the victim of the alleged embezzlement and fraud.

(W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005). "In addition, if the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *West v. Sanchez*, No. 17-CV-2482 (MKB), 2017 WL 1628887, at *1 (E.D.N.Y. May 1, 2017) (quoting Fed. R. Civ. P. 12(h)(3)); *see also English v. Sellers*, No. 07-CV-6611L, 2008 WL 189645, at *1 (W.D.N.Y. Jan. 18, 2008) ("[E]ven pleadings submitted *pro se* must fit within the subject matter jurisdiction of an Article III court. . . .").

### III. Plaintiff's Claims

Plaintiff alleges that Defendants were negligent when they failed to investigate his whistleblower complaints. (Dkt. 1 at 4). Individuals may bring negligence claims against the federal government under the Federal Tort Claims Act ("FTCA"), which waives sovereign immunity for certain claims arising out of tortious conduct committed by federal agents.[3] However, 28 U.S.C. § 2675 provides that "[a]n action shall not be instituted upon

---

[3] Plaintiff's tort claims, which are asserted against federal agencies, are more properly brought against the United States. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994) ("In a tort action against federal officers, 28 U.S.C. § 2679(b)(1) provides for the substitution of the United States as a party upon certification

- 5 -

a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." "This requirement is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

Here, Plaintiff does not allege that he presented his tort claims to the appropriate agency as required by the FTCA. This failure renders those claims insufficiently pled. *See Nguyen v. Kijakazi*, No. 20-CV-607 (MKB), 2022 WL 542265, at *7 (E.D.N.Y. Feb. 23, 2022) (collecting cases and finding that the court lacked subject matter jurisdiction because "Plaintiff has not alleged any facts suggesting that he complied with the FTCA's exhaustion requirements").[4] Accordingly, the Court lacks subject matter jurisdiction over any FTCA claim and therefore it must be dismissed without prejudice.

---

by the Attorney General that the officers were acting within the scope of their employment."); *Mayes v. United States Postal Service,* No. 19-CV-355 (JLS), 2020 WL 2465086, at *5 (W.D.N.Y. May 13, 2020) ("the FTCA provides a limited waiver of the United States' sovereign immunity and does not authorize lawsuits against federal agencies").

[4] Even if Plaintiff had properly presented his claims, the Court is skeptical that he could state a claim for negligence, including because he has failed to allege facts supporting that Defendants owed him a duty of care. *See Nance v. United States*, No. 22-cv-03861, 2023 WL 5211606, at *6 (N.D. Ill. Aug. 14, 2023) (dismissing the plaintiff's claim that government defendants acted negligently in investigating his whistleblower complaints, including because the plaintiff "failed to allege facts in support of a duty owed to him by

Plaintiff's complaint could also be construed to allege that he was deprived of due process under the law by Defendants' alleged failure to investigate. *See Thomas v. Conden*, No. 14-CV-8554 (JMF), 2015 WL 4191494, at *5 (S.D.N.Y. July 10, 2015). However, "[t]here is . . . no constitutional right to an investigation by government officials. Thus, there is no constitutional violation where the government refuses to investigate a crime. . . ." *Ehlers v. C.I.A.*, No. 6:15-CV-387 (MAD/ATB), 2015 WL 3637431, at *3 (N.D.N.Y. June 10, 2015) (quotations and citations omitted); *see also Kilcher v. Albany Cnty.*, No. 1:19-CV-158 (BKS/ATB), 2019 WL 911192, at *4 (N.D.N.Y. Feb. 25, 2019) ("Because plaintiff has no constitutional right to an investigation, this claim against defendant . . . fails."), *adopted*, 2019 WL 1516933 (N.D.N.Y. Apr. 8, 2019); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) ("there is no constitutional violation where the government refuses to investigate a crime [or] allegations of patent fraud"). Accordingly, Plaintiff has failed to allege a violation of his due process rights.[5]

---

the Government Defendants," and because he "cited no legal authority in support of such a duty under the circumstances alleged in the complaint").

[5] Plaintiff alleges that he has a right to the report of any investigation that was undertaken. (*See* Dkt. 1 at 5 ("Under the [FOIA] I am entitled to know what action, if any, has been taken by the Defendants")). Under FOIA, "[w]hen an agency receives a request for records, it must '(1) conduct an adequate search using reasonable efforts, (2) provide the information requested, unless it falls within a FOIA exemption, and (3) provide any information that can be reasonably segregated from the exempt information.'" *Stroud v. Fed. Bureau of Prisons*, No. 3:22-cv-00799 (KAD), 2023 WL 4405657, at *4 (D. Conn. July 7, 2023) (quoting *N.Y. Times Co. v. U.S. Dep't of Justice*, 390 F. Supp. 3d 499, 511 (S.D.N.Y. 2019)). However, Plaintiff has failed to allege any facts supporting a cognizable FOIA violation, such as that he made a request for non-exempt information and/or that the government failed to search for or to produce any records.

**IV.     Leave to Amend**

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

Given Plaintiff's *pro se* status, the Court will grant Plaintiff leave to file an amended complaint, in which he may attempt to plead a viable cause of action. Plaintiff may file an amended complaint consistent with this Decision and Order **within 45 days of entry of this Order**. Plaintiff is not required to file an amended complaint—but if he fails to do so, this action will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is advised that an amended complaint is intended to completely replace the prior complaint in the action, and thus it "renders [the prior complaint] of no legal effect." *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977). Therefore, Plaintiff's amended complaint must include all necessary allegations so that it may stand alone as the sole complaint in the action.

**CONCLUSION**

Accordingly, Plaintiff's claims are dismissed as further discussed herein. Further, Plaintiff is granted leave to file an amended complaint consistent with this Decision and Order.[6]

**ORDER**

IT HEREBY IS ORDERED, that Plaintiff's motion to proceed *in forma pauperis* (Dkt. 4) is granted; and it is further

ORDERED that Plaintiff's claims are dismissed; and it is further

ORDERED that Plaintiff will be provided an opportunity to file an amended complaint within 45 days of entry of this Order consistent with this Decision and Order; and it is further

ORDERED that the Clerk of Court is directed to mail to Plaintiff a copy of this Decision and Order, a blank complaint form for use in the non-prisoner context, and the instructions for filing an amended complaint; and it is further

ORDERED that if Plaintiff fails to file an amended complaint **within 45 days of entry of this Order** the Clerk of Court is directed to close the case without further action of the Court; and it is further

ORDERED, that in the event the case is closed because an amended complaint has

---

[6] As noted above, Plaintiff has also filed a motion to compel discovery, in which he states that he cannot attempt to resolve his case because counsel has not appeared for Defendants. (Dkt. 6 at 2). Plaintiff's motion for discovery is denied without prejudice because it is premature. *See Brown v. City of New York*, No. 21 Civ. 4632 (PGG) (SLC), 2021 WL 4554729, at *3 (S.D.N.Y. Oct. 5, 2021).

not been filed, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied.  *See Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    SO ORDERED.

                                                              ELIZABETH A. WOLFORD
                                                              Chief Judge
                                                              United States District Court

Dated:       October 10, 2023
                Rochester, New York