UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID P. ALAN,

       Plaintiff,

    v.

U.S. DEPT. OF JUSTICE, IRS, FBI, and
U.S. ATTY. GEN.,

       Defendants.

**DECISION AND ORDER**

22-CV-06504 EAW

---

## INTRODUCTION

On November 14, 2022, *pro se* plaintiff David P. Alan (hereinafter, "Plaintiff") filed a complaint asserting that agencies of the United States—specifically, the United States Department of Justice ("USDOJ"), the Internal Revenue Service ("IRS"), the Federal Bureau of Investigation ("FBI"), and the United States Attorney General ("U.S. Attorney General")—failed to investigate whistleblower complaints that he submitted to them. (Dkt. 1). On October 10, 2023, the Court issued a Decision and Order granting Plaintiff leave to proceed *in forma pauperis* and dismissing his claims with leave to replead. (Dkt. 7).

On November 6, 2023, Plaintiff filed an amended complaint, and thereafter he filed a second amended complaint on November 22, 2023, again naming the USDOJ, the IRS,

the FBI, and the U.S. Attorney General as defendants.[1] (Dkt. 8; Dkt. 9). For the following reasons, Plaintiff's second amended complaint is dismissed without prejudice.

## BACKGROUND

The following facts are taken from Plaintiff's second amended complaint. (Dkt. 9). As is required at this stage of the proceedings, the Court treats Plaintiff's allegations as true.

Plaintiff contends that between 2006, and December 14, 2014, the IRS, FBI, USDOJ, and the U.S. Attorney General failed to investigate his claims of criminal tax evasion, allegedly committed by seven individuals. (*Id*. at 3-5). Plaintiff seeks $36,129,560.00 in damages. (*Id*. at 6). Attached to Plaintiff's second amended complaint is a letter addressed to Defendants, dated October 17, 2023 (after the Court issued the first screening order dismissing Plaintiff's claims with leave to replead). (*Id*. at 7). The letter references that Plaintiff has informed Defendants many times of his complaints of criminal activity allegedly occurring in Pennsylvania, Georgia, and Nevada, that they have ignored his requests for information and for an investigation, and that he is "presenting [his] complaints . . . again and request[s] an answer in writing," either denying the complaints or stating that Defendants intend to investigate the complaints. (*Id*. at 7).

---

[1] The amended complaint and the second amended complaint make the same allegations, except the second amended complaint includes the attached letter that Plaintiff purportedly sent to Defendants.

**DISCUSSION**

I. **Legal Standard**

"Section 1915 requires the Court to conduct an initial screening of complaints filed by civil litigants proceeding *in forma pauperis*, to ensure that the case goes forward only if it meets certain requirements." *Guess v. Jahromi*, No. 6:17-CV-06121(MAT), 2017 WL 1063474, at *2 (W.D.N.Y. Mar. 21, 2017), *reconsideration denied*, 2017 WL 1489142 (W.D.N.Y. Apr. 26, 2017). In evaluating the complaint, a court must accept as true all of the plaintiff's factual allegations and must draw all inferences in the plaintiff's favor. *See, e.g.*, *Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003). Upon conducting this initial screening, a court must dismiss the case pursuant to § 1915(e)(2)(B) "if the [c]ourt determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Eckert v. Schroeder, Joseph & Assocs.*, 364 F. Supp. 2d 326, 327 (W.D.N.Y. 2005).

"In addition, if the Court 'determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action.'" *West v. Sanchez*, No. 17-CV-2482 (MKB), 2017 WL 1628887, at *1 (E.D.N.Y. May 1, 2017) (quoting Fed. R. Civ. P. 12(h)(3)); *see also English v. Sellers*, No. 07-CV-6611L, 2008 WL 189645, at *1 (W.D.N.Y. Jan. 18, 2008) ("[E]ven pleadings submitted *pro se* must fit within the subject matter jurisdiction of an Article III court. . . .").

**II.     Plaintiff's Claims**

Plaintiff alleges that Defendants were negligent when they failed to investigate his complaints of criminal tax evasion and other financial crimes. He brings his claims pursuant to the Federal Tort Claims Act ("FTCA"). (Dkt. 9 at 1).

Individuals may bring negligence claims against the federal government under the FTCA, which waives sovereign immunity for certain claims arising out of tortious conduct committed by federal agents. Specifically, 28 U.S.C. § 2675 provides that "[a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail." In addition, the claim must be filed with the appropriate federal entity "within two years of the injury's accrual." *Leytman v. United States*, 832 F. App'x 720, 722 (2d Cir. 2020) (citing 28 U.S.C. § 2401(b)). "This requirement is jurisdictional and cannot be waived." *Celestine v. Mt. Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005).

As an initial matter, the Court informed Plaintiff in connection with its prior screening order that his tort claims, which are asserted against federal agencies, should be asserted against the United States. *See, e.g., Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 509 (2d Cir. 1994) ("In a tort action against federal officers, 28 U.S.C. § 2679(b)(1) provides for the substitution of the United States as a party upon certification

- 4 -

by the Attorney General that the officers were acting within the scope of their employment."); *Mayes v. United States Postal Service,* No. 19-CV-355 (JLS), 2020 WL 2465086, at *5 (W.D.N.Y. May 13, 2020) ("the FTCA provides a limited waiver of the United States' sovereign immunity and does not authorize lawsuits against federal agencies"). (*See* Dkt. 7 at 5 n.3). However, Plaintiff has again named federal agencies, rather than the United States, as parties to this action. Because the Court lacks subject matter jurisdiction over suits against federal agencies, Plaintiff's claims against Defendants may be dismissed on this basis alone.

The Court previously dismissed Plaintiff's FTCA claims because he failed to allege that he presented his tort claims to the appropriate agency, as required by the FTCA. (*See* Dkt. 7 at 6). Plaintiff has again failed to allege that he complied with this requirement— rather, he states that the Court's jurisdiction "cannot be waived." (*See* Dkt. 9 at 1). Plaintiff is incorrect, and his failure to allege compliance with the presentment requirement renders his FTCA claims insufficiently pled. *See Nguyen v. Kijakazi*, No. 20-CV-607 (MKB), 2022 WL 542265, at *7 (E.D.N.Y. Feb. 23, 2022) (collecting cases and finding that the court lacked subject matter jurisdiction because "Plaintiff has not alleged any facts suggesting that he complied with the FTCA's exhaustion requirements").

In the aforementioned letter attached to his second amended complaint, Plaintiff references that he "informed [Defendants] many times" of his claims—specifically, on various dates in October 2021, and in April, July, and September 2022. Since Plaintiff alleges that the violations occurred between 2006 and 2014, and Plaintiff purportedly did not inform Defendants of his complaints until 2021 at the earliest, Plaintiff did not notify

Defendants of his claims within the requisite two-year period.  Accordingly, even if Plaintiff had filed his claims against the appropriate defendant, the Court still lacks subject matter jurisdiction over any FTCA claim.[2]

Plaintiff's second amended complaint could also be construed to allege that he was deprived of due process under the law by Defendants' alleged failure to investigate his complaints.  (*See* Dkt. 9 at 7); *Thomas v. Conden*, No. 14-CV-8554 (JMF), 2015 WL 4191494, at *5 (S.D.N.Y. July 10, 2015).  However, "[t]here is . . . no constitutional right to an investigation by government officials.  Thus, there is no constitutional violation where the government refuses to investigate a crime. . . ." *Ehlers v. C.I.A.*, No. 6:15-CV-387 (MAD/ATB), 2015 WL 3637431, at *3 (N.D.N.Y. June 10, 2015) (quotations and citations omitted); *see also Kilcher v. Albany Cnty.*, No. 1:19-CV-158 (BKS/ATB), 2019 WL 911192, at *4 (N.D.N.Y. Feb. 25, 2019) ("Because plaintiff has no constitutional right to an investigation, this claim against defendant . . . fails."), *adopted*, 2019 WL 1516933 (N.D.N.Y. Apr. 8, 2019); *Bernstein v. New York*, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) ("there is no constitutional violation where the government refuses to investigate a crime

---

[2]   Even if Plaintiff had properly exhausted his administrative remedies, his claim, which is based on the government's failure to investigate, likely would not state a viable FTCA claim.  *See Manchanda v. Reardon,* No. 23 Civ. 9292 (JPC) (KHP), 2024 WL 259776, at *2 (S.D.N.Y. Jan. 2, 2024) (plaintiff's complaint, which was based on FBI's alleged failure to investigate criminal activity against him and failure to protect him from harm, is not viable claim for relief against the United States); *Valdez v. United States*, No. 08 Civ. 4424(RPP), 2009 WL 2365549, at *7 (S.D.N.Y. July 31, 2009) (dismissing the plaintiff's FTCA claim based on a negligent investigation, and explaining that "[t]hese kinds of decisions about how to conduct investigations fall squarely within the discretionary function exception").

[or] allegations of patent fraud"). Accordingly, Plaintiff has failed to allege a violation of his due process rights based on Defendants' alleged failure to investigate.

Generally, the Court will afford a *pro se* plaintiff an opportunity to amend "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (internal quotation marks omitted). However, leave to amend pleadings is properly denied where amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.").

As noted above, the Court previously granted Plaintiff leave to amend his complaint. However, Plaintiff failed to correct the errors identified by the Court in the original screening order, and any further amendment would be futile.

## CONCLUSION

Accordingly, Plaintiff's claims are dismissed without prejudice[3] as further discussed herein. The Clerk of Court is directed to close this case as dismissed.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's claims are dismissed without prejudice; and it is further

---

[3] A dismissal for lack of subject matter jurisdiction must be without prejudice. *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 144, 121 (2d Cir. 2017); *Leytman*, 832 F. App'x at 723.

- 8 -

ORDERED, that the Clerk of Court is directed to mail to Plaintiff a copy of this Decision and Order; and it is further

ORDERED, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied.  See *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        February 12, 2024
              Rochester, New York